IN THE COURT OF APPEALS OF TENNESSEE

AT NASHVILLE

F Ц ED

July 1, 1998

Cecil W. Crowson
Appellate Court Clerk

BENNIE DAY and KAREN DAY,⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Petitioners/Appellants,⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Appeal No.
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀01-A-01-9708-Ch-00442
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
CITY OF DECHERD, OTIS B.⠀⠀)⠀⠀⠀⠀Franklin Chancery
SMITH, JR., MAYOR,⠀⠀⠀⠀⠀)⠀⠀⠀⠀No. 14,381
HANK WEDDINGTON, BILL VAN⠀)
HOOSIER, FRANK GREEN, and⠀)
DARYL DONEY, COMMISSIONERS )
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Respondents/Appellees.⠀⠀)

# CONCURRING OPINION

I concur in the result of the majority opinion but would base that result on different reasoning.

In **McCallen v. City of Memphis**, 786 S.W.2d 633 (1990) the Supreme Court abandoned the different standards of review between common law certiorari and declaratory judgment and held:

> Whether the action by the local governmental body is legislative or administrative in nature, the Court should refrain from substituting its judgment for the broad discretionary authority of the local governmental body. An invalidation of the action should take place only when the decision is clearly illegal, arbitrary, or capricious.

Therefore, this action (inaction) by the City of Decherd Commissioners should be reviewed according to that standard. My review of this record does not lead to the conclusion that the decision is "clearly illegal, arbitrary or capricious." Therefore, the Chancery Court decree should be affirmed.

Further, I am moved to comment on the paragraph regarding legislators. Many forces affect the legislative process at any level; some good, some not. The judiciary should never be usurp legislative function; but we should be available as a check on legislative actions which are unconstitutional or outside legislative province.

_____
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀WALTER W. BUSSART,
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀SPECIAL JUDGE